JEFF DAVIS V. THE STATE.

No. 10239.   Delivered October 6, 1926.

Rehearing denied March 23, 1927.

**1.—Murder—Charge of Court—Submitting Murder—Held Proper.**

Where a constable fired a pistol twice into a passing automobile on the public streets of Terrell and killed a 16-year-old boy in the car, claiming that his purpose was to stop the car to see if it did not contain drunken negroes, there was no error in submitting the issue of murder in the court's charge.   See Marshall v. State, 182 S. W. 1106.

**2.—Same—Charge of Court—Held Correct.**

Where the court charged the jury that if any person shall purposely

and intentionally fire a pistol at an automobile, knowing at the time that persons are occupants therein, and thereby kill any of such occupants, such offense would be murder, although the person firing the pistol had no specific intention to kill, was a correct statement of the law, and was applicable to the facts in the instant case.

### 3.—Same—Charge of Court—On Manslaughter—Properly Refused.

Where, on a trial for murder, the record is wholly silent as to any element which could probably reduce the killing to the offense of manslaughter, and where the facts establish either murder, or negligent homicide, there was no error in failing to submit the issue of manslaughter in the charge of the court.

### 4.—Same—Charge of Court—Negligent Homicide in First Degree—Not Raised by Evidence.

Where appellant contends that he being a peace officer, and having the right to carry a pistol, and that his shooting at the automobile was not an unlawful act, and that the court should have submitted the issue of negligent homicide in the first degree, we cannot agree with such contention. His act in shooting toward the automobile, knowing that it was occupied, was an unlawful and reprehensible act, and there is nothing in his testimony that even tends to raise the issue of negligent homicide in the first degree.

### ON REHEARING.

### 5.—Same—Charge of Court—Issue of Murder—Properly Submitted.

Where, on a trial for murder, appellant being a peace officer, testified that he fired first, merely to stop the car, and had his pistol pointed toward the ground, and that his horse was rearing when he fired the second shot, and it being admitted that one of the shots fired killed the deceased who was riding in the car, there was no error in the court submitting the issue of murder in his charge to the jury. See Banks v. State, 211 S. W. 217.

### 6.—Same—Charge of Court—Negligent Homicide of First Degree—Properly Refused.

Where appellant testified to an intentional firing of his pistol at an automobile occupied by deceased and another person, the issue of negligent homicide of the first degree was not raised. If death is caused by the *careless* discharge of firearms in a public street of a town or city, the offense will be of a higher degree than negligent homicide of the first degree, and the trial court did not err in refusing to submit the issue of negligent homicide of the first degree. Distinguishing Egbert v. State, 176 S. W. 560.

### 7.—Same—Requested Charge—On Defensive Theory—Issue Not Raised—Properly Refused.

Where appellant requested the court to charge the jury that even though he intentionally fired the shot that killed the deceased, yet if same was fired to attract the attention of the occupants of the car and cause it to stop, and there was no intention to kill, he would not be guilty of murder, such charge was properly refused. If the shot was fired intentionally at an automobile, knowing that same was occupied, and killed some person therein, although he had no specific intent to kill, he would be guilty of murder.

### 8.—Same—Charge of Court—On Manslaughter—Properly Refused.

In the case before us, there is no testimony in the record upon which the jury may have based a finding of manslaughter. There was no issue of

self-defense, or of any action on the part of the deceased or those with him, upon which agitation, excitement, or passion might be predicated. Distinguishing Carter v. State, 17 S. W. 1102.

Appeal from the District Court of Van Zandt County, on a change of venue from Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of murder, penalty twelve years in the penitentiary.

The opinion states the case.

*Earl Green, Bumpuss & Wade,* and *Thomas R. Bond,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is murder, and the punishment assessed is twelve years in the penitentiary.

The record discloses that the deceased was a 16-year-old boy and was in company with another young man driving an automobile along the streets of Terrell at night and that the appellant, a constable of Kaufman County, fired into the car, killing the deceased. The appellant's version of the affair was to the effect that he thought the car was being driven by drunken negroes and that he wanted to stop them and make an investigation to see if they were drunk, and that he fired the pistol twice, one shot into the ground and that he could not tell how the other shot was fired. He admits that he fired it in the direction of the car, but that when the first shot was fired his horse went wild and began jumping and rearing and that after the other shot was fired the car stopped and he rode up behind it and found that he had struck the deceased. Appellant and deceased's companion started to the sanitarium with deceased and he died before reaching there. The above is a succinct statement of the practically undisputed facts in the case.

Appellant raises many questions on this appeal. Some of them, however, we think are not of sufficient importance to justify discussion. His contention that the court was in error in submitting the issue of murder cannot be sustained. We think murder was clearly in the case and that the jury was warranted in convicting for this offense. Marshall v. State, 182 S. W. 1106.

Appellant seriously complains at paragraph 9 of the court's charge which in effect instructed the jury that if any person

shall purposely and intentionally fire a pistol at an automobile, knowing at the time that persons are occupied therein, and thereby kill any of such occupants, such offense would be murder, although the person firing the pistol had no specific intention to kill. We think this charge is a correct statement of the law and is applicable to the facts in the instant case.

In addition to the foregoing charge, the court very properly submitted the issue of negligent homicide in the second degree, and a consideration of the charge as a whole convinces us that the paragraph complained of is not erroneous. See Marshall v. State, supra. Davis v. State, 211 S. W. 589; Banks v. State, 211 S. W. 217.

Appellant also contends that the court should have submitted the issue of. manslaughter in his charge to the jury. In our judgment the record is wholly silent as to any element which could probably reduce this killing to the offense of manslaughter. The appellant is either guilty of murder as found by the jury, or he is guilty of negligent homicide in the second degree, and it occurs to us that there is nothing in the record presenting any other theory of the case.

Appellant also complains because the court failed to charge on negligent homicide in the first degree; it being his contention that as appellant was a peace officer and had a right to carry a pistol that his shooting at the automobile was not an unlawful act. We cannot agree with this contention. On the contrary, we think that under the appellant's own testimony his act in shooting toward the automobile, knowing that it was occupied, and even conceding that he believed that it was occupied by drunken negroes, was an unlawful and a reprehensible act, and it occurs to us that there is nothing in his own testimony that even tends to raise the issue of negligent homicide in the first degree.

We have not attempted to discuss in detail each of the questions sought to be presented by appellant, but each of them have had our careful consideration, and we have reached the conclusion that no reversible error is shown in this record.

It is, therefore, our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined the record again in the light of appellant's motion. According to state witnesses, appellant at night was riding a horse a short distance behind a car occupied by deceased and another. Appellant called to them to stop, and when they did not he fired his pistol, and a witness who saw the shot testified that the blaze went toward the car. That the pistol was pointed at the car was evidenced by the fact that deceased, one of the occupants of the car, was killed by the bullet. Appellant swore that he shot first merely to stop the car and had his pistol pointed toward the ground, and that his horse was rearing when he fired the second shot. This would not render erroneous the submission of the issue of murder. What we said in Banks v. State, 211 S. W. 217, seems to have direct application to the case before us as made by the State. There seems no question of the fact that appellant was shooting his pistol upon the public streets of the City of Terrell in violation of the law.

Appellant insists that the court should have submitted the issue of negligent homicide of the first degree. He testified that he shot twice but did not claim that either shot was unintentional. He said he shot each time in the same direction, and, as above stated, asserted that he fired at the ground. He swore: "I pulled the trigger with the intention of stopping the car; I pulled the trigger the next time intending to stop the car. * * * Just as the car was crossing the interurban track I fired both shots * * * it was a pretty rough street there." If death is caused by the careless discharge of firearms in a public street of a town or city, the offense will be of a higher degree than negligent homicide of the first degree. This is the plain statement of our statute. See Art. 1234, 1925 P. C. The trial court did not err in refusing to submit the issue of negligent homicide of the first degree. Same could only arise when the homicide was committed as the result of a negligent act which is not a violation of the law. The facts in Egbert v. State, 176 S. W. 560, are entirely different from those in the case before us. In said case there was no shooting on the street of a town or city. What was there said by this court is not contrary to what has been here said.

We are not in accord with the contention of appellant that his special charge should have been given wherein he sought to have the jury told that even though he intentionally fired the shot that killed deceased, yet if same was fired to attract attention in order to cause the occupants of the car to stop, and there was no

intention to kill, he would not be guilty of murder. The court below had told the jury in his main charge that if one purposely and intentionally fired a pistol at an automobile, knowing that same was occupied, and killed some person therein, he would be guilty of murder, although he had no specific intent to kill, which we think to be a correct statement of the law. The learned trial judge had also told the jury that if appellant had discharged his pistol on the streets of Terrell without the apparent intention of taking life, and the death of deceased resulted, he could only be convicted of negligent homicide of the second degree.

The contention is again urged that the law of manslaughter should have been given in the charge, and Carter v. State, 17 S. W. 1102, is cited. In that case the defense was based on the proposition that the posse of which the accused was a member and which was searching for deceased, was fired on by the latter, and that in self-defense the posse returned the shot and killed the deceased. In cases of self-defense, such as the Carter case, supra, the question as to the mental condition of the accused when the fatal shot was fired often becomes close, and we have reversed such cases when it appears that there was evidence before the jury upon which they may have based a finding of such anger, rage, excitement, etc., as to render the mind incapable of cool reflection, in which cases the trial court seemed to us to usurp the province of the jury by refusing to charge on manslaughter, but we find nothing in the instant case giving rise to any theory of self-defense or any action on the part of deceased or those with him upon which agitation, excitement or passion might be predicated.

Believing the case correctly disposed of, the motion for rehearing will be overruled.                                    *Overruled.*