Charles Lewis SYKES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47010.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Phillip Bordages, Kenneth D. Furlow, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John DeWitt, Asst. Dist Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment twenty-five (25) years.

This is a companion case to Helms v. State, Tex.Cr.App., 493 S.W.2d 227, to which opinion reference is here made for a discussion of some of appellant's grounds.

Ground of error number one in this appeal is identical to the last ground of error in *Helms* and will not again be discussed, but is likewise overruled.

Grounds of error two, three and four relate to the court's charge. It is contended that the italicized words in the following charge constituted a comment on the weight of the evidence, to-wit:

"Now, therefore, in this case if you find from the evidence beyond a reasonable doubt that the defendant, Charles Lewis Sykes, Jr. was acting alone or together with Billy Joe Helms, James Otis Purkey, Jr., Jimmy [H]oward Cross and David Hanna, or any one or more of them, as principals, as that term is in this charge defined for you, and that he, the said Charles Lewis Sykes, Jr. or Billy Joe Helms, James Otis Purkey, Jr., Jimmy Howard' Cross, or David Hanna, or any one or more of them, did, on or about May 4, 1969, in Jefferson County, Texas, purposely and intentionally, with disregard of the consequences, *for some reason of his or their own*, recklessly, with disregard for human life, and with disregard as to whom he or they should kill, shoot a gun into a crowd or assemblage of people occupying the area in question in this case, or into any building adjacent thereto, kill Mary Montgomery, who was then and there among said crowd or assemblage of people or who was then and there an occupant of any building adjacent thereto—notwithstanding the defendant, acting alone or together with Billy Joe Helms, James Otis Purkey, Jr.,

Jimmy Howard Cross and David Hanna, or any one or more of them, as principals, had no specific intention to kill the said Mary Montgomery or any particular person, then you will find the defendant guilty of murder with malice, as alleged in the indictment. If you do not so find, or if you have a reasonable doubt thereof, you will acquit the defendant."

Appellant relies upon no case, but contends that the charge as given instructs the jury to convict appellant of murder with malice even though appellant's co-principals may have acted in self-defense or for some other reason which would reduce the crime to murder without malice.

The State contends that the charge as given is in accordance with the principle of law announced in Banks v. State, 85 Tex. Cr.R. 165, 211 S.W. 217, and the annotation which follows the reprint of such opinion which appears in 5 A.L.R. at 603.

The court fully protected appellant's rights by charging on the law of murder without malice and self-defense.

Recently in Randolph v. State, Tex.Cr. App., 493 S.W.2d 869, we had occasion to quote a charge and hold that it fully protected the defendant's contention that his co-defendant was acting outside the common design of the parties.

We find no reversible error in the charge as given under the facts of this case.

■ Ground of error number five relates to the granting of a motion in limine which limited appellant's cross-examination of certain witnesses. Nowhere in this record do we find the answers which any of the witnesses would have given if they had been permitted to testify. Therefore, nothing is presented for review. Alardin v. State, Tex.Cr.App., 491 S.W.2d 872, and cases there cited.

Finding no reversible error, the judgment is affirmed.