Richard RIDYOLPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 53109.

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

Rehearing Denied Feb. 2, 1977.

J. Douglas Tinker, Corpus Christi, Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, William B. Mobley, Dist. Atty., and Vic Gillespie, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder with malice under the former Penal Code where the jury assessed punishment at ninety-nine (99) years. The case was tried in Harris County following a change of venue from Nueces County. A previous conviction was reversed in *Ridyolph v. State*, 503 S.W.2d 276 (Tex.Cr.App.1973), for the suppression of evidence.

Appellant attacks the admissibility of his confession, complains of the admission of certain evidence, urges error as to the failure to charge on the law of circumstantial evidence, as well as the failure to give other charges and claims that certain jury argument of the prosecutor constitutes reversible error.

The record reflects that two or three minutes after 11 p. m. on August 19, 1971, the deceased, Corpus Christi Police Officer John Sartain, along with officers Lazo and Balli, walked out of the back door of the police station into a well lighted parking lot. Four or five seconds later a shot was fired, Sartain slumped over and Lazo pulled him to the ground. Balli scrambled for cover. Lazo observed that Sartain was bleeding profusely about the head. An ambulance was called and Sartain was taken to the hospital.

Dr. Craig Norstrom examined Sartain at the hospital. Sartain was unconscious and bleeding profusely from the head. There were lead pieces in the brain. Sartain died eight hours after admission to the hospital. The cause of death was shown to be a gunshot wound to the head.

The State introduced the written extrajudicial confession of the appellant in which he admitted he was given a rifle and some bullets in June of 1971 and that on August 19, 1971, he had taken the rifle with him and he went to a recreation center and sat on a bench with some older boys drinking wine. He related these boys saw his rifle and that they said "they ought to go and shoot at the law." When the wine was gone, the appellant told them he was "fixing to make it" and as he left the boys on the bench said "shoot at the police station" and about 11 p. m. he fired one shot at the police station from the baseball field. Appellant fled. The next day he gave the rifle in question to one James to keep for him.

Alex Roberson testified he was with the appellant and his brother on August 19, 1971, about 11 p. m., that appellant was in some bushes behind the ball park fence and had something long in his hand. Roberson heard a shot fired and they all ran to appellant's home where he took the object into the house. Three minutes later they went to the recreation center and when people at the center were talking about a policeman who was shot at the police station appellant stated, "I got one" and "I got a policeman."

Leonard James testified that on the weekend of August 20, 1971, the appellant gave him what he assumed was a rifle, wrapped up, to keep for him and it was placed in his car trunk. The next morning the rifle was recovered from him.

Appellant advances four grounds of error relating to the admissibility of his confession. He contends the trial court erred in denying the motion to suppress the confession and later in admitting the confession into evidence over objection as the same failed to satisfy provisions of Articles 15.17 and 38.22, Vernon's Ann.C.C.P., as to the warnings required thereby. He further contends that the court's findings of fact on the voluntary nature of the confession are incomplete and should be rejected and admissibility should be resolved on the basis of the statement of facts.

A review of arguments advanced under these grounds of error and the one case cited indicates that appellant limits his argument to one contention—that he was under 17 years of age and without counsel at the time of the confession and that *Lovell v. State*, 525 S.W.2d 511 (Tex.Cr.App.1975), would render the confession inadmissible.

In *Lovell* a confession taken from a 16 year old individual on February 10, 1974, without the presence or waiver of counsel was held inadmissible in light of V.T.C.A., Family Code, § 51.09 (Waiver of Rights), which became effective September 1, 1973.[1] Said Section provided:

"Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

"(1) the waiver is made by the child and the attorney for the child;

"(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

"(3) the waiver is voluntary; and

"(4) the waiver is made in writing or in court proceedings that are recorded."

The confession in the present case was taken on August 21, 1971, long prior to the effective date of the foregoing quoted section. Apparently appellant would urge that this statutory provision should be applied retroactively. We do not agree. Normally statutes do not apply retroactively.

Further, Acts 1973, 63rd Leg., p. 1460, ch. 544, enacted Title III of the Texas Family Code. Section 4 thereof reads:

---

1. A subsequent amendment to said Section 51.-09, effective September 1, 1975, permits waiver of rights by a child without the presence of counsel.

"Sec. 4. This Act takes effect on September 1, 1973, and governs all proceedings, orders, and judgments brought after it takes effect, and also further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice. *All things properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid.* (Emphasis supplied.)

In *Lovell v. State*, supra, it was stated:

"Prior to the enactment of the Family Code, a minor could waive his right to counsel before making an extrajudicial statement. *Moreno v. State*, Tex.Cr. App., 511 S.W.2d 273; *Garza v. State*, Tex.Cr.App., 469 S.W.2d 169; *In re Garcia*, 443 S.W.2d 594 (Tex.Civ.App.—El Paso, 1969)."

■ Thus the confession taken on August 21, 1971, was not governed by the provisions of the Family Code later enacted. Appellant's contention is overruled.

The remaining grounds of error relating to the confession are not briefed, no authority is cited, and no reference is made to the record. There has not been any compliance with Article 40.09, § 9, Vernon's Ann.C.C.P. See *Smith v. State*, 472 S.W.2d 520 (Tex.Cr. App.1971). Nothing is presented for review. Nevertheless, we have reviewed the record and find such contentions to be without merit.

Appellant also complains that the trial court erred in failing to declare a mistrial when the State's witness Bullard made reference to an extraneous shooting at the back of the police station.

On cross-examination it was developed that Bullard, a Commander in the Corpus Christi Police Department, had testified in a prior hearing that there were four lights on the wall of the police station at the time of the shooting in the instant case. It was then developed that Bullard was not at the back of the station at the time in question. Bullard was then asked by appellant's counsel:

"Q. And, are you telling us now and you testified under oath that that was true when you weren't even there? You weren't—you didn't even have an idea?

"A. Mr. Tinker—

"Q. You couldn't even testify either way?

"MR. MOBLEY (District Attorney) Let him answer the question.

"THE COURT: Yes, sir. Let him answer the question before the next question.

"A. (By witness) I testified under oath, and honestly believed in what I said at the time, but I had this shooting confused with another shooting."

Without making an objection, the appellant requested a mistrial and a jury instruction to disregard the answer. The court denied the mistrial motion, but instructed the jury to disregard the witness' answer.

It is observed that Bullard's answer was to three questions directed to him on cross-examination and that the answer given gave no indication that the appellant was connected in any manner with the extraneous shooting.

■ Even if it can be argued that the answer was non-responsive, a prompt instruction to disregard a non-responsive answer is usually sufficient to cure the error, if any. *Haggerty v. State*, 491 S.W.2d 916 (Tex.Cr.App.1973); *Noble v. State*, 402 S.W.2d 758 (Tex.Cr.App.1966); *Jaramillo v. State*, 504 S.W.2d 853 (Tex.Cr.App.1974); *Melton v. State*, 508 S.W.2d 104 (Tex.Cr. App.1974). We hold that the court's instruction was curative of any error.

■ Appellant complains that the trial court erred in failing to sustain his objections to the following questions on redirect examination of the witness Bullard:

"Q. I have one last question, Commander Bullard. To your own personal knowledge, was any other person other than Richard Ridyolph ever indicted for the murder of John W. Sartain?

"A. To my knowledge, Richard Ridyolph is the only person that has ever been indicted for the murder of (sic) malice of Police Officer John Sartain."

The objection offered before the question was answered was that the indictment could not be considered as evidence and the answer would further call for hearsay. The objections were overruled and the witness was permitted to answer as to his personal knowledge.

Prior to the time the question was asked and on cross-examination appellant's counsel had established through Bullard's testimony that four persons, in addition to the appellant, had been arrested for the offense charged. While there were better means of proving which persons had or had not been indicted, we conclude that the question was invited and the appellant was not harmed thereby.

■ Appellant in five grounds of error complains of the following charge given by the court:

"You are further instructed that under the law if any person shall purposely and intentionally fire a rifle at a group of people occupying an area, knowing at the time that persons are occupying said area and thereby kill anyone, such offense would be murder with malice aforethought, although the person firing the rifle had no specific intention to kill any particular person."

Appellant contends this is an erroneous and incorrect statement of the law, an improper application of the law to the facts, a charge on an issue not raised by the evidence, and a comment on the weight of the evidence.

In *Davis v. State*, 106 Tex.Cr.R. 300, 292 S.W. 220 (1927), a constable fired a pistol twice in the direction of a car occupied by several persons. The passenger in the car was struck and killed. The defendant, who was convicted of murder, contended on appeal the charge was erroneous. This court stated:

"Appellant seriously complains at paragraph 9 of the court's charge, which in effect instructed the jury that if any person shall purposely and intentionally fire a pistol at an automobile, knowing at the time that persons are occupants therein, and thereby kill any of such occupants, such offense would be murder, although the person firing the pistol had no specific intention to kill. We think this charge is a correct statement of the law and is applicable to the facts in the instant case."

In *Gonzales v. State*, 426 S.W.2d 859 (Tex.Cr.App.1968), it was held that the firing of a rifle into a moving automobile containing two passengers was sufficient to justify malice. See also *Banks v. State*, 85 Tex.Cr.R. 165, 211 S.W. 217 (1919).

We conclude that the court's charge was a correct statement of the law and was not a comment on the weight of the evidence.

As to appellant's claim that it was improper application of the law to the facts, we observe that appellant overlooks that part of the charge immediately following the complained of charge where the law was applied to the facts in a similar fashion to the charge approved in *Sykes v. State*, 503 S.W.2d 287 (Tex.Cr.App.1974).

Further, in light of the evidence, including appellant's confession, we find no merit in his complaint that the issue was not raised by the evidence.

In two grounds of error appellant urges that the court failed to charge on the law of circumstantial evidence despite his timely presented requested charge.

Appellant contends that the confession falls short of being an unequivocal admission or confession of the offense charged and that when all the evidence is considered there still is no direct evidence that he shot and killed the deceased. He cites and relies upon *Hielscher v. State*, 511 S.W.2d 305 (Tex.Cr.App.1974), and *Casey v. State*, 523 S.W.2d 658 (Tex.Cr.App.1975).

■ Where there is direct evidence from any source that the defendant killed the deceased, then there is direct evidence

of the main fact to be proved and a charge on circumstantial evidence is not required. 4 Branch's Ann.P.C., 2d ed., § 2050, p. 359. Normally proof that a defendant admitted or confessed to having killed the deceased is direct and not circumstantial evidence of the main inculpatory fact, and a charge on circumstantial evidence is not required when proof of such admission or confession is in evidence. 4 Branch's Ann.P.C., 2d ed., § 2050, p. 358; *Sloan v. State*, 515 S.W.2d 913 (Tex.Cr.App.1974); *Hurd v. State*, 513 S.W.2d 936 (Tex.Cr.App.1974); *Swift v. State*, 509 S.W.2d 586 (Tex.Cr.App.1974). It is true, of course, that an admission or confession must unequivocally admit the commission of the act charged before the court is relieved of the necessity of giving a charge on the law of circumstantial evidence on the basis of the confession *alone*. *Martinez v. State*, 151 Tex.Cr.R. 316, 207 S.W.2d 387 (1948); *Hielscher v. State*, supra.

■ It was made clear in *Martinez v. State*, supra, that even if the accused confesses or admits to the commission of a crime it must be shown by the evidence and the confession of the accused that the crime admitted is the same crime for which the defendant is being tried if the circumstantial evidence charge is not given. If it is only by a process of inference from the confession or admission that it can be determined that the accused did the killing or was a guilty participant therein, the court should give the circumstantial evidence charge. See 4 Branch's Ann.P.C., 2d ed., § 2049, p. 358; *Hielscher v. State*, supra; *Casey v. State*, supra.

In adhering to the rule laid down in *Martinez v. State*, supra, this court in *Patterson v. State*, 416 S.W.2d 816, 819 (Tex.Cr.App. 1967), noted that each case must in a measure be tested by its own facts. In *Patterson* the defendant's statements that he "got an insurance man" and "had big money," as well as other statements made to friends while not in custody, had to be considered in light of all of the evidence presented. When this was done, it showed that (1) the deceased was an insurance man; (2) the

robbery-killing occurred in North Dallas as stated; (3) the money taken and admitted was about the same; (4) the deceased was killed as the defendant described; (5) that defendant and his companion were almost caught as defendant stated. There it was held that in light of all the facts in the case the charge on circumstantial evidence was not required. See also *Hogan v. State*, 496 S.W.2d 594 (Tex.Cr.App.1973); *Steel v. State*, 459 S.W.2d 649 (Tex.Cr.App.1970).

■ Appellant's written confession that he fired a "30 carbine rifle" at the police station at 11 p. m. on August 19, 1971, after he had been told to "shoot at the law" must be considered in light of all the evidence. (1) The deceased, Sartain, was a policeman who was shot and killed walking out of the Corpus Christi city police station at 11 p. m. on August 19, 1971. (2) The witness Roberson testified he saw the appellant with some long object in his hand at 11 p. m. on August 19, 1971, in a ball park near the police station and that he heard a shot fired and he and appellant ran to appellant's home. (3) There was testimony that later that night when there was a discussion of a policeman being shot at the police station the appellant, while not in custody, stated, "I got one" and "I got a policeman." (4) The witness James related the appellant gave him a rifle on the August 20, 1971, weekend. The rifle was recovered and was shown by ballistics test to have fired the bullet that killed the deceased.

In light of all the evidence, we cannot conclude that the court erred in refusing to charge on the law of circumstantial evidence.

■ Appellant further complains that the court erred in failing to give his special requested charges 12 and 15. These requested charges related to a charge on negligent homicide of the second degree and application of the law to the facts. He acknowledges that the court did in fact charge on negligent homicide in the second degree, but complains that the unlawful act used in such charge applying the law to the facts was limited to "firing a gun willfully or maliciously at or against a public build-

ing" under the provisions of Articles 859 and 860, Vernon's Ann.P.C., 1925. He contends that he was entitled to more and should have had a charge on negligent homicide in the second degree where the unlawful act involved was shooting a gun across a public road in violation of Article 480, Vernon's Ann.P.C., 1925.

The charge given by the court was supported by the evidence in that the appellant stated in his confession, "I stopped and aimed the rifle at the police station and fired one shot."

It is apparently appellant's contention that "shooting a gun across a public road" should have been used as the unlawful act rather than "firing a gun willfully or maliciously at or against a public building" in the charge on negligent homicide in the second degree, or in the alternative that both should have been used. Appellant cites no authority. The charge as given adequately protected appellant's rights.

In two grounds of error appellant complains of the jury argument by the District Attorney from Nueces County. The first argument at the guilt stage of the trial was:

"'. . . Somebody protect our policemen,' whether it is in Houston, whether it is your own policeman, Corpus Christi, El Paso, Amarillo, Texarkana, or where. What are we going to do about it? Only you, you twelve people, a cross-section of Harris County. I am wondering what you are going to do about it. I wonder what I am going to tell three hundred thousand people I represent in the Hundred and Fiftieth Judicial District." [2]

At the punishment stage of the trial the Nueces County District Attorney argued:

". . . and I ask in behalf of myself as District Attorney and I ask in behalf of the three hundred thousand people I represent."

In each instance the objection was sustained and the jury was instructed to disre-

gard, but the motions for mistrial were denied.

Appellant complains that such jury arguments referred to the expectations or demands of the community for a particular result constituting reversible errors which cannot be cured by instruction to the jury to disregard. See *Pennington v. State*, 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961); *Cox v. State*, 157 Tex.Cr.R. 134, 247 S.W.2d 262 (1952); *Porter v. State*, 154 Tex.Cr.R. 252, 226 S.W.2d 435 (1950).

In *Bothwell v. State*, 500 S.W.2d 128 (Tex.Cr.App.1973), the prosecutor stated:

"We, of course, who we represent, as I told you yesterday, a million two hundred thousand people living in this county, we can't fit them all into court. We can't have you sympathize with our side."

In such case this court concluded the statements were not an appeal based on the sentiments of the community, unlike those in *Pennington, Cox* and *Porter*.

Likewise, we cannot conclude that the complained of arguments by the Nueces County District Attorney to the Harris County jurors wondering what he would tell the people of his district were appeals based on the sentiments of the community. We hold that these statements did not constitute reversible error. *Bothwell v. State* supra; *Crawford v. State*, 511 S.W.2d 14 (Tex.Cr.App.1974); *Horn v. State*, 505 S.W.2d 269 (Tex.Cr.App.1974); *Perbetsky v. State*, 429 S.W.2d 471 (Tex.Cr.App.1968).

Finding no reversible error, the judgment is affirmed.

ROBERTS, J., dissents.

---

2. Although the record was approved without objection, the reference was intended to be made to the 105th Judicial District, which includes Nueces County rather than the 150th Judicial District which is located in Bexar County. Article 199.150, Vernon's Ann.C.S.