NO. 07-01-0481-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 28, 2002



______________________________




JOHANSON LEE WATSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 9479; HONORABLE LESLIE THOMAS, JUDGE



_______________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Appellant Johanson Lee Watson appeals from the trial court's order denying his pro
se request for post-conviction Forensic DNA Testing pursuant to Tex. Code Crim. Proc.
Ann. art. 64.01 (Vernon Supp. 2002). (2) By brief presented by appointed counsel, he
contends 1) the trial court abused its discretion by finding that no biological evidence
existed for DNA testing, and the failure to preserve biological material (3) denied appellant
his right to testing pursuant to article 64.01, thereby denying him due process of law under
the 2) United States and 3) Texas Constitutions. Based upon the following rationale, we
affirm in part and dismiss in part.

 In 1997, appellant pled guilty to sexual assault in Cause No. 9479, in the 46th
District Court of Wilbarger County, Texas, and was sentenced to the Texas Department
of Criminal Justice, Institutional Division. During the course of the investigation of the
offense, the officers obtained a "Rape Kit" which was sent to the Department of Public
Safety Laboratory in Lubbock. After the analysis was completed, a written report was
forwarded to the Sheriff's Office. Following his conviction, appellant filed pro se "filings,"
i.e.,

 August 16, 2001 Request for appointment of Counsel, Declaration of
Inability to Pay Costs;

 September 5, 2001 Motion for Leave for Permission to Reconsider to File
a Motion for a Writ of Mandamus;

 

On September 17, 2001, the trial court appointed counsel for appellant and issued a bench
warrant. Thereafter, on September 24, 2001, appellant filed another pro se motion
seeking leave to file a motion for writ of mandamus. However, at the time of the hearing
on October 17, 2001, appellant had not filed a motion, pro se or otherwise, accompanied
by his affidavit containing statements of fact in support of the motion as required by article
64.01. In opposition, the State contended appellant's identity was never an issue at the
trial because he signed a written stipulation of evidence and testified to the assault.

 Sheriff Quisenberry was the only witness to testify at the hearing. He testified that
appellant was convicted upon a plea of guilty in 1997, and that a "Rape Kit" containing
material provided by the victim was sent to the DPS lab and that a written analysis was
returned to the Sheriff's Office. However, according to Sheriff Quisenberry, there was no
record of the return of the material to his office or its retention by the DPS lab. Further,
according to his testimony, he was unable to locate the material in his office and had no
recollection of when or if it may have been destroyed by his office. According to him, if the
kit was returned to his office from the DPS lab, it had been destroyed "some time ago." At
the conclusion of the evidence, the trial judge remarked:

 Well, of course, the - from the evidence that the Court has heard, the Court
would of necessity have to find that the evidence does not exist at this
particular time.


Following this comment, the court announced the motion for DNA testing would be denied. 
Then, by written order filed October 25, 2001, finding "that no evidence containing
biological material has been preserved, and that identity was not and is not an issue in this
case," the trial court denied the motion for DNA testing.

 By his first point of error, appellant contends the trial court abused its discretion in
finding that no biological evidence existed for DNA testing. We disagree. At the time of
the hearing on October 17, 2001, the trial court and counsel did not have the benefit of the
recent decision in Dinkins v. State, No. 74,240, 2002 Tex. Crim. App. LEXIS 157
(Tex.Cr.App. Sept. 11, 2002). In affirming the denial of the request for DNA testing, the
Court held:

 Appellant ignores the plain language of Article 64.03. Article 64.03(a)(2)(A)
directs a convicting court to order DNA testing of evidence containing
biological material only if a convicted person establishes by a
preponderance of the evidence that there is a reasonable probability that the
person would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing. A trial court is never required to
grant a convicted person's request for testing absent such a showing.


Id. at *8-9; see also In re Fain, 83 S.W.3d 885 (Tex.App.-Austin 2002, no pet. h.) (holding
a movant seeking DNA testing under article 64.01 has the burden of proof to show a
reasonable probability exists that exculpatory DNA tests will prove his innocence). In the
instant case, although appellant called Sheriff Quisenberry as his witness, he offered no
evidence tending to show a reasonable probability that exculpatory DNA testing would
prove his innocence. In addition, the evidence at the hearing did not show that the
evidence still exists and is in a condition making DNA testing possible. Tex. Code. Crim.
Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2002). Accordingly, based upon our
review of the entire record, we conclude the trial court did not err in denying appellant's
request for DNA testing.

 Although not mentioned in his point of error, by his argument, appellant contends
the record shows that the DNA material was destroyed contrary to Tex. Code Crim. Proc.
Ann. art. 38.39 (Vernon Supp. 2002). However, the applicability of article 38.39 is
uncertain here because it was not effective until April 5, 2001, and statutes are presumed
to apply prospectively only and have no retroactive effect. Tex. Gov't Code Ann. §
311.022 (Vernon 1998); see also Ridyolph v. State, 545 S.W.2d 784, 786 (Tex.Cr.App.
1977); State v. Arellano, 801 S.W.2d 128, 130 (Tex.App.-San Antonio 1990, no pet.). 
Then, arguing that his first point is tied to his second and third points, appellant combines
the arguments presented by his second and third points with his first point. However, for
the reasons mentioned below, we must conduct our analysis of the second and third points
separately from his first point. Appellant's first point is accordingly overruled.

 Contending that the failure of the State to preserve biological material denied him 
due process of law under the Constitutions of 2) the United States and 3) Texas, appellant
argues this Court should order his release from incarceration. Concluding that we do not
have jurisdiction to grant the requested relief, we must decline to consider appellant's
second and third points.

 Jurisdiction is fundamental and cannot be ignored. State v. Roberts, 940 S.W.2d
655, 657 (Tex.Cr.App. 1996) (en banc). This Court is obligated to determine, sua sponte,
its jurisdiction because jurisdiction must be vested in a court by constitution or statute. Id. (4)
Tex. Code Crim. Proc. Ann. art. 38.39 entitled Preservation of Evidence Containing
Biological Material does not provide for any relief by the "convicting court" or otherwise,
nor authorize an appeal to a court of appeals. Further, chapter 64 entitled Motion for
Forensic DNA Testing and articles 64.01 through 64.05 do not authorize a "convicting
court" to render an order releasing a "convicted person" from incarceration pursuant to a
prior conviction, and in a non-capital case, an appeal to this Court is limited to "findings"
by the "convicting court" under article 64.03 or 64.04, but not otherwise.

 Tex. Const. art. V, § 6 provides that courts of appeals shall "have original or
appellate jurisdiction, under such restrictions and regulations as may be prescribed by
law." Pursuant to this constitutional directive, the Legislature established the authority of
a court of appeals to issue writs by Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2002). 
Under section 22.221, a court of appeals does not have original habeas corpus jurisdiction
in a criminal case. Ex Parte Hawkins, 885 S.W.2d 586, 588 (Tex.App.-El Paso 1994, no
pet.). Although appellant does not designate his request as an application for writ of
habeas corpus, in effect the relief he seeks amounts to a request for habeas relief. Under
Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 1977), the Court of Criminal Appeals, the
District Courts, and the County Courts have the power to issue a writ of habeas corpus,
but the courts of appeals are not designated as having jurisdiction to entertain or issue
writs of habeas corpus. Appellant has not cited any authority indicating that this Court has
jurisdiction to consider his second and third points and the requested relief and we have
found none. Therefore, we have no jurisdiction to consider appellant's second and third
points of error, and they are hereby dismissed for want of jurisdiction.

 Accordingly, the trial court's order denying appellant's motion for DNA testing is
affirmed.


 Don H. Reavis

 Justice


Publish.

1. 
2. Added by Act of April 3, 2001, 77th Leg., R.S., Ch. 2, § 2, 2001 Tex. Gen. Laws
2, 2-3.
3. Tex. Code Crim. Proc. Ann. art. 38.39 requires preservation of biological material.
4. See also Ex parte Armstrong, 110 Tex. Crim. 362, 8 S.W.2d 674 (1928) (holding
that unless the power or authority of a court to perform a contemplated act can be found
in the Constitution or laws enacted thereunder, it is without jurisdiction and it acts without
validity).