**Fred JOSHLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45987.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Claude R. Giles, Waco, for appellant.

Martin Eichelberger, Dist. Atty., and Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a jury trial of breaking and entering a motor vehicle with the intent to commit theft. His punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

His first ground of error raises the contention that the evidence is insufficient to sustain his conviction.

Linda Cottage testified that she arrived at her work for Southwestern Telephone

Company at 8:15 P.M. o'clock on October 12, 1969. Another employee told her that a man was in the parking lot, situated next to the telephone company building and about as far from it as "from here to the front row of seats." She looked from a window on the second floor, and saw a man inside a 1957 yellow Chevrolet, "moving like he was trying to pull something out." She then saw him get out and get into an orange 1957 Chevrolet standing next to the first named car. A girl in the room called the police, and about a second before the police arrived the man got out and opened the hood of the car. She saw the police talking with the man, observed the entire transaction, had the man in sight the entire time, and watched as the police arrested the man. She testified definitely that the man she saw going in and out of the cars was the same man whom the police arrested. However, she did not identify the appellant as the man she had seen.

Linda Saenz was another telephone company employee. She had arrived at work at 7:15 P.M. on October 12, 1969, and had locked and parked her 1957 Chevrolet on the parking lot in question. Sometime after she arrived at work, a police officer called her and asked that she come to the lot and examine her car. She went out and saw that the chrome outlining the windows of her car had been bent, and the stereo wires under the glove box had been disconnected and were hanging on the floor. She testified that a particular tape, which she had been playing when she parked the car, was missing. She identified a tape which one of the officers had taken from under the front seat of appellant's car, parked next to hers, as the tape which was missing from her car. She had not given appellant her consent to enter her car or take anything from it.

Police officers testified that on the night of October 12, 1969, while on patrol duty they received a radio call to go to the Southwestern Bell parking lot. Officer Strickland arrived at approximately 8:20 P.M. He saw appellant standing by his 1957 Chevrolet which had its hood up. Appellant complained of having had car trouble, but the officer examined his car and found no such trouble. Officer Entrop also testified of answering the radio call and going to the parking lot. He checked the car too and found no trouble. The name of Fred Joshlin was on the driver's license which the officer took from appellant. Entrop talked to the person who had called in and also to Linda Saenz, and he and Linda went to her car, also a 1957 Chevrolet. The doors were locked, and Linda Saenz unlocked the doors of her car. Upon investigation, they found the stereo loose, the wires hanging out, and a tape missing. A tape, identified by Saenz as hers, was found under the front seat of appellant's car. Officer Entrop found "pry marks" on the passenger side door of the Saenz car.

Entrop made the arrest following the investigation, and took appellant to the city hall and "booked" him. He identified appellant as the man he arrested.

All of the officers stated that the night was clear and that it was not raining on this occasion.

Appellant testified in his own behalf. He testified that at 8:00 on the night in question he was driving his 1957 orange Chevrolet along the street near the parking lot in the rain, and that suddenly his lights went out, his windshield wipers quit working and his motor stopped. He coasted for a block onto this lot next to a yellow 1957 Chevrolet, got out and put the hood of his car up. He denied breaking and entering the other car. He stated that the tape found in his car was his, and that he had a stereo, which was not connected but was "under the turtle." His wife corroborated his evidence as to his ownership of a stereo and of the tape. For impeachment at the trial on guilt or innocence, the State

introduced evidence of three prior convictions of felony.

We find the evidence amply sufficient to sustain the conviction.

Appellant's second ground of error complains that the court had improperly refused to submit a charge on circumstantial evidence over his objection and denied appellant's requested charge.

In Ramos v. State, Tex.Cr.App., 478 S. W.2d 102, 105, this Court, speaking through Judge Odom, said:

> "The distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proven. Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269; Beason v. State, 43 Tex.Cr. 442, 67 S.W. 96."

In the instant case, Linda Cottage testified she saw the entire transaction, and that the man whom the police officers arrested was the same man she had seen just after 8:15 P.M. when she arrived at work, going in and out of the cars, one of which was shown to have been the prosecuting witness Linda Saenz' car. Police Officer Strickland testified that he arrived on the parking lot at 8:20 P.M. and saw and talked with appellant there. Officer Entrop testified that he arrived while Strickland was talking with appellant, and that appellant was the man he arrested.

This testimony constituted direct evidence of the ultimate fact to be proven, and the court properly refused to charge on circumstantial evidence.

The judgment is affirmed.

Opinion approved by the Court.