Billy Joe **HELMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45542.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied May 1, 1973.

Walter M. Sekaly, Everett Lord, Beaumont (by appointment), for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of murder with malice. Punishment was assessed at 35 years' confinement.

Appellant alleges five grounds of error.

On Sunday morning, May 4, 1969, an automobile occupied by white males was in a near collision with the black occupants of another vehicle. A short while later, the same two vehicles met again. Two white men got out of their automobile but only a brief confrontation ensued. Several blacks in the area began to chase the whites back into their automobile by throwing bottles and bricks. The whites shortly returned and gunfire began as their vehicle sped past. A woman in a nearby cafe was struck in the chest and subsequently died as a result of this wound.

An accomplice witness, a former wife of one of the defendants, testified that on May 4, 1969, four men, including appellant, departed in an automobile belonging to one of the defendants. She testified they were gone about an hour and then returned, bringing with them an additional person, a David Hanna. The men reported to her that they had some trouble with some Negroes. At this time, two of the defendants already had guns and while at this residence, two additional guns were acquired, one of which was given to appellant. (This latter weapon was later identified as the murder instrument.) The five men then again left for a short period of time. When they returned, they again spoke of trouble with Negroes, then departed. The witness soon thereafter received a phone call from one of the defendants, instructing her to get two guns from one of the bedrooms and dispose of them. The witness obeyed, throwing them into a nearby lake.

Appellant's first two grounds allege that there was insufficient evidence to support a finding that he was acting as a principal at the time the decedent was killed.

A witness for the State, Billy Williams, testified that he witnessed the shooting scene and observed the occupants of the automobile as it passed. On direct examination, the following colloquy occurred:

"Q  All right. Do you see any of the people in the courtroom today that were out there in that car that day?

"A  Yes, sir.

"Q Will you point them out, please?

"A Right there (pointing).

"Q Are you pointing to the man seated there at the end of the table?

"A Yes, sir.

"MR. HANNA [Prosecutor]: Let the record reflect he has pointed out the defendant, Billy Joe Helms.

"Q You say the defendant was in that car?

"A Right.

"Q And were you able to see what, if anything he was doing?

"A No, sir. The only thing I saw him doing was leaning out like this here (indicating) toward the dashboard.

"Q He was leaning down toward the dashboard?

"A Yes, sir.

"Q Did you see whether or not he had any weapon with him?

"A No, sir, I did not.

"Q Did you see any weapons at all?

"A No, sir, I didn't."

Appellant contends that such testimony was in conflict with earlier testimony by Williams, given at the examining trial, and thus is insufficient to connect appellant as a principal. We have examined the testimony elicited at the examining trial and find that, on direct examination, Williams identified four persons, including appellant, as occupants of the car in question. On cross-examination, Williams stated that he could "positively identify" only two of the occupants of the automobile, neither of which was appellant; however, Williams had just testified that "that big fat one right there (pointing)" [a not-unreasonable description of appellant] was in the front seat of the car, on the right hand side.

■ Assuming, arguendo, that there was a conflict between Williams' testimony at the examining trial and at the trial, then that conflict went to the weight of his testimony rather than to the existence or the admissibility of the identification. The jury resolved any conflict against appellant, and chose to believe the trial testimony of Williams which placed appellant in the automobile at the time of the offense. See Hill v. State, 456 S.W.2d 699 (Tex. Cr.App.1970).

■ Appellant alternatively argues that there is no evidence that he actually fired the fatal shot. However, he was placed at the scene along with the other defendants, by Williams' testimony. The accomplice witness testified that the defendants told her of "some trouble with some Negroes," obtained weapons and all left in one automobile. They returned together, seemed uneasy and listened to newscasts about a black woman being shot. The fact that no one could testify as to who actually fired the fatal shot is of no consequence. The jury had before it sufficient evidence that appellant encouraged and aided the commission of the offense in order to convict him as a principal. Article 69, Vernon's Ann.P.C.

■ In his third ground of error, appellant contends that the court erred in refusing to charge the jury on the law of circumstantial evidence. This Court has only recently differentiated between cases of direct and circumstantial evidence. Joshlin v. State, 491 S.W.2d 423 (Tex.Cr.App. 1973). In the present case, eyewitness testimony placed appellant in the vehicle from which the fatal shot was fired. Further testimony reflected that appellant had been with the other defendants throughout the day, during the various confrontations with blacks. The ultimate fact to be proven, appellant's participation in the commission of the offense, was thus shown by *direct* evidence. The case clearly did not call for a charge on circumstantial evidence.

■ Appellant next challenges the court's charge, alleging that it contained a

direct comment on the weight of the evidence. The charge instructed the jury on the law pertaining to one's shooting into a crowd and proceeded to name four persons besides appellant; the jury was charged that if appellant was acting alone or together with any one or more of these four persons, as principals, that they should find appellant guilty of murder with malice. On appeal, the objection is voiced to the court's inclusion of one David Hanna on this list of possible principals. Appellant contends that Hanna was not established as being in the automobile at the time of the offense, and that the trial judge thus injected new evidence at this point. Appellant cites no authorities; regardless, we need not reach the merits of such a contention. We note that appellant's objection at the trial level was only a general one and no mention of Hanna was made, as is on appeal. The trial judge was not given the opportunity to rule on this contention and nothing is presented for this Court to review. Salas v. State, 486 S.W.2d 956 (Tex.Cr.App.1972); Myers v. State, 491 S.W.2d 412 (Tex.Cr.App.1973).

 Lastly, appellant contends that the court erred in admitting the testimony of the accomplice witness, Karla Block, relating to a phone conversation with her former husband. Mrs. Block testified that about 30 minutes after the defendants had left their residence for the last time, she received a phone call instructing her to take two guns from under a mattress in the bedroom and throw them away. Appellant objected to such testimony on the ground that it was inadmissible hearsay, it not being shown that appellant was present at the time his co-defendant made the call. The State contended at trial, as it does on appeal, that the conversation was admissible as a declaration of a principal during the furtherance of, and before the termination of, a conspiracy. We agree. The defendants were obviously attempting to dispose of the weapon used in the commission of the offense. Mrs. Block followed the instructions given her by appellant's co-de-

fendant; subsequently, the murder weapon was recovered from the lake where she had thrown the gun. Each statement or act of a co-conspirator up until the time the object of the conspiracy is completed is admissible. Arnott v. State, (No. 44,824, February 28, 1973). See also Echols v. State, 370 S.W.2d 892 (Tex.Cr.App.1963) and Catching v. State, 364 S.W.2d 691 (Tex.Cr.App.1962).

Finding no reversible error, the judgment is affirmed.