Affirmed and Memorandum Opinion filed April 25, 2006









Affirmed
and Memorandum Opinion filed April 25, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00417-CR

____________

 

ERIC RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 999,189

 



 

M E M O R A N D U M  O P I N I O N

Challenging his conviction for aggravated
assault, appellant Eric Ramirez asserts that 
the trial court abused its discretion in admitting evidence of
extraneous offenses and bad acts and that the evidence is legally insufficient
to support his conviction.  We affirm. 

I.  Factual and Procedural Background








On August 30, 2004, James Middleton IV and
some of his friends walked down the street toward another friend=s home.   While walking, Middleton noticed two
vehicles B a white Chevy Lumina and a Chevy Tahoe B  drive past them.  A few minutes later, the same two vehicles
passed them again as they turned the corner and walked down a different
street.  As the group continued toward
their friend=s home, Middleton noticed that the Chevy
Lumina stayed close by, passing by about three times.  When Middleton and his friends stopped to discuss
why this vehicle continued to follow them, the vehicle drove right up to them
and Middleton=s friends could see that appellant was the
driver.   Appellant then lifted his hands
into the air, indicating that he wanted to engage in a brawl.   Appellant turned the vehicle around the
corner, went around the block, and drove toward Middleton and his friends once
again. Appellant slowed the vehicle almost to a stop and the barrel of a sawedBoff shotgun
appeared out of the back window and fired three times.  A bullet pierced through Middleton=s leg and he
collapsed.   Appellant immediately sped
away from the scene.  Emergency personnel
arrived and Middleton was transported via life flight from the scene. 

The police broadcasted a description of
the suspect vehicle.  Shortly thereafter,
Officer Donal Tipps  saw a Chevy Lumina
driving toward him.  Officer Tipps
activated his lights and pulled the vehicle over.  The driver of the vehicle was a female.
Appellant was in the passenger seat and was extremely nervous and fidgety.  Officer Tipps instructed appellant to exit
the car.  After handcuffing appellant,
Officer Tipps patted appellant down for safety and, in the process, found a
pair of brass knuckles in appellant=s pocket.   Officer Tipps brought appellant to another
location, where Middleton=s friends immediately identified appellant
as the individual who had been the driver of the Chevy Lumina at the time of
the shooting.  Appellant was arrested and
brought in for questioning. 








Officers Joe Hernandez and Joe Ortiz took
a videotaped statement from appellant. 
Initially, appellant denied any involvement in the shooting.  However, after some more questioning,
appellant volunteered information that he was the driver of the Chevy Lumina;  appellant, however, insisted that he did not
know that the backseat passengers were in possession of a sawed-off
shotgun.  Appellant stated that he
offered to give the passengers a ride home and, while he was driving, one of
them pointed at a group of African-American men and asked appellant to circle
the block and pass by them again.  
Appellant stated that when they passed by the men again, he heard one of
the backseat passengers state, Athat=s the guy.@   Appellant pulled the vehicle over toward the
men only after his friend=s prompting.  Appellant testified that while he was trying
to insert a CD into the player, someone in the backseat shot at the men with a
sawed-off shotgun.  Appellant claimed he
drove his passengers to another street and ordered them out of the car.  Officer Hernandez testified that he did not
believe appellant and  thought appellant
and his friends were looking for a fight and appellant knew the backseat
passengers had a sawed-off shotgun. 

Appellant=s brother, John
Ramirez testified at trial that appellant intended to fight a Ablack man@ on the day of the
shooting.   Ramirez stated that there was
animosity between the Hispanic and black students and the man who was supposed
to fight appellant never showed up.  
Ramirez stated that they drove to a neighborhood store and met up with
other friends driving another vehicle. 
Ramirez stated that two of the passengers in that vehicle got into the
backseat of the car appellant was driving. 
Ramirez testified that four black men walking down the street gave them
a Adirty look.@  Ramirez testified that when they drove by
again, he instructed appellant to Aget ready to
fight.@  According to Ramirez, appellant slowed down
as they approached the men, and as Ramirez 
jumped out of the car, he noticed one of the men in the backseat pull
out a sawed-off shotgun and shoot at the group of black men.  Ramirez stated that neither he nor appellant
knew the men in the backseat had a sawed-off shotgun.  

 A
jury found appellant guilty of aggravated assault and assessed punishment at
six years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 

 II.  Issues
Presented

Appellant asserts the following points on appeal: 

 

(1)     The trial court erred in admitting into evidence the brass
knuckles found on appellant after appellant was detained for the offense of
aggravated assault;








(2)     The
evidence is legally insufficient to support his conviction for aggravated
assault because there is no evidence that appellant was a party to the offense;
and 

(3)     The
trial court erred in admitting into evidence appellant=s extraneous offense of unlawfully
carrying of a weapon while he was out on bond for the instant offense. 

 

III. Analysis 

 

A.      Did the trial court abuse its discretion
in admitting into evidence the brass knuckles found on appellant after he was
detained for the instant offense of aggravated assault? 

 

In his first
issue, appellant contends the trial court abused its discretion in admitting
into evidence the brass knuckles that were found on appellant when he was
searched after being detained for suspected aggravated assault.  The State argues that appellant waived this
complaint by failing to assert a timely objection in the trial court.  We agree. 

Although appellant objected to the admission of the brass
knuckles during a pre-trial hearing, he affirmatively stated that he had Ano objection@ when the brass knuckles were
actually offered into evidence at trial. 
By stating that he had Ano objection,@ appellant clearly waived any alleged error in the
admission of the brass knuckles.  See
Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) (concluding
that an affirmative statement of no objection during trial waives any pretrial
objection to the evidence); King v. State, 91 S.W.3d 375, 378 (Tex. App.BTexarkana 2002, no pet.) (stating
that when a defendant affirmatively asserts during trial he has Ano objection@ to the admission of the evidence
in question, he waives any error in the admission of the evidence).
Accordingly, we overrule appellant=s first issue.      

 

 

 








B.      Is the evidence legally sufficient to
support appellant=s conviction for aggravated
assault? 

 

In his second
issue, appellant contends that the evidence is legally insufficient to support
his conviction for aggravated assault. More specifically, he contends that
there is no evidence proving that he participated in the crime or was a party
to the aggravated assault.         In
evaluating a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a
court, believe the State=s evidence or believe that appellant=s evidence
outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








A person commits
assault by intentionally, knowingly, or recklessly causing bodily injury to
another. Tex. Pen. Code Ann. ' 22.01(a)(1)
(Vernon 2003). To establish aggravated assault, the State must show that a
person committed assault and either: (1) caused serious bodily injury to
another; or (2) used or exhibited a deadly weapon during the commission of the
assault. Tex. Pen. Code Ann. ' 22.02(a) (Vernon
2003); Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).  ASerious bodily
injury@ is bodily injury
that creates a substantial risk of death or causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any Abodily member or
organ.@  Tex.
Pen. Code Ann. ' 1.07(a)(46) (Vernon 2003).  

A person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which  he is criminally responsible, or by both. See
Tex. Pen. Code Ann. ' 7.01 (Vernon
2003).   Under section 7.02(a)(2), a
person is criminally responsible for an offense committed by the conduct of
another if: (1) acting with the kind of culpability required for the offense,
he causes or aids an innocent or non-responsible person to engage in conduct
prohibited by the definition of the offense;(2) acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense; or (3) having
a legal duty to prevent commission of the offense and acting with intent to
promote or assist its commission, he fails to make a reasonable effort to
prevent commission of the offense.  Tex. Pen. Code Ann. ' 7.02(a) (Vernon
Supp. 2005).  

Appellant and his
brother both testified that they did not know that the  backseat passengers had a sawed-off shotgun
and intended to shoot at the group of black men. Therefore, appellant argues,
there is no evidence that he was a party to the offense.  We find no merit in appellant=s argument.  The record contains  sufficient evidence to prove appellant was a
party to the aggravated assault on Middleton.








Appellant was the
driver of the vehicle involved in the drive-by shooting. He drove the vehicle
by Middleton and his friends several times before the backseat passenger
reached out of the back window with the gun and shot.   Just before the shooting,  appellant drove up to the group and threw his
hands up in a gesture suggesting that he wanted to fight.   On the final pass by the group of men,
appellant slowed the vehicle down right before the backseat passenger opened
fire, which suggests that appellant was aware of what was about to happen.  Following the shooting, appellant sped
away.  Appellant=s  backseat passenger did not use a small weapon
in the assault but a sawed-off shotgun, which would be difficult to conceal
from the driver of the vehicle, who was sitting in close proximity to the
shooter.  Furthermore, appellant admitted
during his videotaped  statement that he
followed Middleton and his friends for several blocks in the vehicle just
before the shooting.  Appellant admitted
that  he circled the block again and
pulled the car toward Middleton. Officer Hernandez testified that he believed
appellant was searching for a fight and that appellant knew the shotgun was in
his car.  

In evaluating
alleged attempts to aid the other person to commit the offense, the fact finder
may consider events occurring before, during or after the commission of the
offense. See Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App.
1987). Furthermore, circumstantial evidence may be sufficient to show that one
is a party to an offense. See id. Intent may be inferred from
circumstantial evidence such as the acts, words, and conduct of the accused. See
Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996).  In addition, presence at the scene during a
crime is a circumstance tending to prove guilt which, when combined with other
facts, may suffice to show that an accused was a participant in the crime. Ortiz
v. State, 577 S.W.2d 246, 248 (Tex. Crim. App. 1979).  








Appellant=s role as driver
of the vehicle involved in the drive-by shooting and his presence at the crime
scene, coupled with his actions before and after the shooting, provides
sufficient evidence to convict him as a party to the offense of aggravated
assault.  See Helms v. State, 493
S.W. 2d 227, 229 (Tex. Crim. App.  1973)
(holding that evidence that defendant was in a vehicle from which a shot was
fired sufficient to prove he was a party to the offense); Armstead v. State,
977 S.W.2d 791, 797B98 (Tex. App.BFort Worth 1998,
pet. ref=d) (finding that
evidence that defendant drove the vehicle from which the passenger shot a
victim and defendant was a member of the victim=s rival gang
supported defendant=s conviction under law of the parties); Smith
v. State, 781 S.W.2d 675, 678 (Tex. App.CDallas 1989, pet.
ref=d) (stating that
evidence that the defendant drove slowly past the pickup truck twice and
studied the truck was sufficient to support conviction under law of the parties
even though appellant remained across the street during the actual crime); Buitureida
v. State, 684 S.W.2d 133 (Tex. App. BCorpus Christi
1984, pet. ref=d) (holding that evidence showing that
defendant was the driver of the vehicle from which the victim was shot and the
car drove slowly past the scene at least three times before the victim was shot
was sufficient to support the defendant=s conviction as a
party to the offense).  We conclude that,
viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have found that appellant acted as a party within section
7.02(a)(2) of the Texas Penal Code. 
Accordingly, we overrule appellant=s second issue. 

C.      Did the trial court abuse its discretion
in admitting into evidence the fact that appellant was charged with the offense
of unlawfully carrying a weapon while he was out on bond for the instant case? 

 

In his third
issue, appellant contends that the trial court abused its discretion in
admitting evidence that he had been charged with the offense of unlawfully
carrying a weapon while he was out on bond for the instant case.  More specifically, appellant complains that
admission of this extraneous offense served no purpose other than to inflame
the minds of the jury and prejudice him. 
The State contends that admission of this extraneous offense was proper
as rebuttal to appellant=s defensive theory that he did not know
the passenger in the backseat possessed a sawed-off shotgun at the time of the
drive-by shooting.  The State also
contends that any alleged error in the admission of this extraneous offense was
harmless.  

We review a trial
court=s admission of
extraneous offense evidence for an abuse of discretion. Rankin v. State,
974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Wolfberg v.
State, 73 S.W.3d 441, 443 (Tex. App.BHouston [1st
Dist.] 2002, pet. ref=d). 
A trial court does not abuse its discretion as long as its decision to
admit evidence is within the Azone of reasonable
disagreement.@ Montgomery v. State, 810 S.W.2d
372, 391‑92 (Tex. Crim. App. 1991) (op. on reh=g).  Further, a trial court=s decision
regarding admissibility of evidence will be sustained if correct on any theory
of law applicable to the case, even when the court=s underlying
reason for the decision is wrong.  Romero v. State, 800 S.W.2d 539, 543‑44
(Tex. Crim. App. 1990).








 Evidence may be excluded under Texas Rule of
Evidence 403 if the probative value of the evidence is substantially outweighed
by the danger of unfair prejudice. Tex.
R. Evid. 403; Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim.
App. 2003).  In conducting a Rule 403
analysis, courts consider the following factors: (1) the strength of the
extraneous offense evidence to make a fact of consequence more or less
probable; (2) the potential of the extraneous offense to impress the jury in
some irrational but indelible way; (3) the amount of time during trial that the
State requires to develop evidence of the extraneous misconduct; and (4) the need
by the State for the extraneous evidence. Wheeler v. State, 67 S.W.3d
879, 888 (Tex. Crim. App. 2002). 

Texas Rule of
Evidence 404(b) states that evidence of extraneous offenses is not admissible
at the guilt‑innocence phase of a trial to prove that a defendant
committed the charged offense in conformity with a bad character. Tex. R. 
Evid. 404(b); Nobles v. State, 843 S.W.2d 503, 514 (Tex.
Crim. App. 1992).   Extraneous offense
evidence may be admissible, however, when it has relevance beyond character‑conformity,
for example, to show proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident.  Moses, 105 S.W.3d at 626.   Rebuttal of a defensive theory is Aone of the
permissible purposes for which relevant evidence may be admitted under Rule
404(b).@ Moses, 105
S.W.3d at 626.  We conclude that the
State=s argument that
the evidence was admissible to rebut a defensive theory was a proper basis for
the admission of the extraneous offense evidence in this case. 








Extraneous offense
evidence may be properly admitted to Arebut the various
defensive theories@ propounded by a defendant, but it may not
be admitted to address a false impression left by the defendant. See
Wheeler, 67 S.W.3d at 887B88.  In this case, appellant=s defensive theory
was that he was unaware that the passengers in the backseat of his vehicle
possessed a sawed-off shotgun.  The
evidence in question shows that on the evening in question, appellant possessed
a weapon (brass knuckles) and intended to Afinish what had
been started.@ This evidence tends to rebut his
defensive theory that he did not have any idea that the passengers in his
backseat had a sawed-off shotgun in their possession. Appellant=s knowledge that
the passengers in his backseat possessed a weapon is made more probable with
the admission of this extraneous offense evidence.  Therefore, the trial court did not abuse its
discretion in admitting this extraneous offense into evidence. 

Even if the trial
court had erred in admitting this extraneous offense evidence,  it would be harmless.  To determine whether the erroneous admission
of evidence amounts to reversible error, we look to Texas Rule of Appellate
Procedure 44.2(b), governing non-constitutional error in criminal cases.  See Tex.
R. App. P. 44.2(b).   Neither
appellant nor the State bears the burden of demonstrating whether appellant was
harmed by the trial court=s error. 
 See Johnson v. State, 43
S.W.3d 1, 5 (Tex. Crim. App. 2001). 
Rather, it is this court=s responsibility
to assess, from the context of the error, whether the judgment requires
reversal because the error affected appellant=s substantial
rights. See id.   Error affects a substantial right when it has
a substantial and injurious effect or influence in determining the jury=s verdict.  Id. 
at 3B4. Given the overwhelming evidence of
guilt, as discussed above, we cannot conclude that appellant=s substantial
rights were violated.   Accordingly, we
overrule appellant=s third issue.   

Having overruled
all of appellant=s issues, we affirm the trial court=s judgment. 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed April 25,
2006.

Panel consists of Justices Hudson, Fowler, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).