

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-12-00749-CR, 04-12-00750-CR, 04-12-00751-CR

Kwaku **AGYIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2011CR10947, 2012CR0469, 2011CR10948
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:          Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  October 30, 2013

AFFIRMED AS MODIFIED

A jury found appellant, Kwaku Agyin, guilty on three counts of compelling prostitution, three counts of trafficking, two counts of sexual assault of a child, one count of aggravated sexual assault of a child, and one count of murder.  Appellant appeals his convictions for trafficking, compelling prostitution, aggravated sexual assault of a child, and murder.  In three issues on appeal, appellant alleges (1) the evidence is insufficient to sustain the jury's guilty verdict, (2) the trial court abused its discretion when it admitted out-of-court statements, and (3) the trial court

abused its discretion in assessing punishment. We modify the trial court's judgment to correct a clerical error and affirm as modified.

## LEGAL SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

In his first issue, appellant argues the evidence is insufficient to support his convictions. In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the verdict" and determine whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Under this standard, evidence may be insufficient to support a conviction in two circumstances: "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 443 U.S. at 320). We do not ask whether we believe the evidence at trial established guilt beyond a reasonable doubt, instead, the standard requires we defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Brooks*, 323 S.W.3d at 899.

In his challenge to the sufficiency of the evidence, appellant fails to identify a specific offense or element that is insufficient. Instead, appellant asserts the evidence consisted solely of circumstantial evidence that rises only to a mere speculation of guilt. Circumstantial evidence is "evidence based on inference and not personal knowledge or observation." BLACK'S LAW DICTIONARY (9th ed. 2009). While circumstantial evidence alone can be sufficient to establish guilt, *see Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013), the State provided direct evidence in this case. The State's case was based on the eyewitness testimony of C.B., as well as corroborating testimony and physical evidence. In Texas, it is well-established eyewitness

testimony constitutes direct evidence rather than circumstantial evidence. *See Joshlin v. State*, 491 S.W.2d 423, 425 (Tex. Crim. App. 1973) (holding eyewitness testimony "constituted direct evidence of the ultimate fact to be proven"); *Helms v. State*, 493 S.W.2d 227, 229 (Tex. Crim. App. 1973) (deciding eyewitness testimony constituted direct evidence). As such, appellant's claim that his convictions are supported solely by circumstantial evidence is incorrect.

Appellant also argues the evidence is insufficient because C.B.'s testimony was not credible. As previously mentioned, this court's role is not to re-evaluate the weight and credibility of the evidence presented during trial and replace the trial court's judgment. *Brooks*, 323 S.W.3d at 899. Instead, the appellate court ensures only that the jury reached a rational decision. *Id*.

## B. Analysis

A person commits aggravated sexual assault of a child "if the person intentionally or knowingly causes the penetration of the . . . sexual organ of a child by any means; or causes the penetration of the mouth of a child by the sexual organ of the actor." TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011). For purposes of aggravated sexual assault, child is defined as a person younger than seventeen years of age. *Id*. § 22.011(c)(1).

The State presented evidence that on or about September 17, 2011, C.B., then fifteen years of age, performed oral sex and had sexual intercourse with appellant. C.B. testified appellant asked to see her "head game," referring to oral sex, and she subsequently performed oral sex on him. In addition to oral sex, C.B. also testified she and appellant engaged in sexual intercourse during the same encounter. By his own admission, appellant admitted to engaging in oral sex and sexual intercourse with C.B. after C.B. told him she was nineteen years of age. We conclude the evidence is sufficient to support the essential elements of aggravated sexual assault of a child.

To obtain a conviction for trafficking, the State was required to prove beyond a reasonable doubt that appellant knowingly trafficked C.B. by transporting her with the intent that she engage

in prostitution, or that appellant knowingly received a benefit from prostitution. *See id.* § 20A.02(a)(7), (a)(8). To obtain a conviction for compelling prostitution, the State was required to prove beyond a reasonable doubt that appellant knowingly caused, by any means, a person younger than eighteen years of age to commit prostitution, regardless of whether appellant knew the age of the child at the time the actor committed the offense. *Id.* § 43.05(a). Prostitution is offering to engage, agreeing to engage, or engaging in sexual conduct for a fee, or soliciting another in a public place to engage in sexual conduct for a fee. *Id.* § 43.02(a). The actual commission of the offense of prostitution is not a prerequisite to the offense of compelling prostitution. *See Davis v. State*, 635 S.W.2d 737, 739 (Tex. Crim. App. 1982).

C.B. testified appellant transported her to several locations to locate men for her to have sex with. She also testified appellant appropriated the money she received for performing these sex acts. Her testimony was corroborated by Desiree Wilson, who testified appellant was planning to "protect [C.B.] . . . while she did what she did," referring to appellant's plans to "pimp" C.B. Wilson also testified she witnessed appellant assault C.B. then take the money C.B. obtained from prostituting herself. We conclude the evidence is sufficient to support the essential elements of trafficking of persons and compelling prostitution.

Finally, a person commits murder if he intentionally or knowingly causes the death of an individual or intends to cause serious bodily injury and commits an act clearly dangerous to human life. TEX. PENAL CODE § 19.02(b).

C.B. testified she witnessed appellant shoot and kill Marcus Anderson. Her testimony described how appellant and three other individuals conspired to rob Anderson after forcing C.B. to lure Anderson to their location. C.B. testified once Anderson arrived at the motel, a fight ensued and appellant shot and killed Anderson as he attempted to fight off the robbery attempt. In addition to C.B.'s testimony regarding the murder, Wilson also testified about what appellant told her.

During a phone conversation regarding the motel incident, Wilson testified appellant stated, "something went wrong," and "[appellant] had to shoot the guy." Finally, the State presented forensic evidence in the form of firearms analysis conducted by the Bexar County Crime Lab. The forensic scientist testified the bullets retrieved from Anderson's body were 25 caliber bullets and narrowed the make of the murder weapon to one of five gun manufacturers. When shown State's Exhibit No. 7, a Raven Arms 25 caliber semi-automatic pistol, the forensic scientist confirmed the gun was one of the possible murder weapons. C.B. confirmed State's Exhibit No. 7 matched the type of gun appellant had previously shown her and subsequently used to kill Anderson. We conclude the evidence is sufficient to support the essential elements of murder.

## OUT-OF-COURT STATEMENTS

In his second issue, appellant argues C.B.'s testimony regarding out-of-court statements made by Keishon "Kiki" Sheppard (who did not testify) to C.B. constituted inadmissible hearsay. Appellant argues the admission of such statements violated his right to cross-examination under the United States Constitution. Alternatively, appellant argues the statements' probative value is substantially outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403. The State responds by arguing the out-of-court statements were non-testimonial and did not violate the Confrontation Clause, and the trial court did not abuse its discretion in admitting the statements.

The statements at issue occurred when appellant took C.B. to Kiki's house. C.B. was present while the group devised the plan to rob Anderson. C.B. testified that after details of the plot were finalized, Kiki told C.B. she would kill C.B. if either appellant, or her brother, Thomas Sheppard, were injured, killed, or apprehended. At trial, appellant objected to the introduction of Kiki's out-of-court statements as hearsay. The trial court admitted Kiki's statements as non-hearsay statements made by a co-conspirator under Texas Rule of Evidence 801(e)(2)(E).

## A. Standard of Review

Although we defer to a trial court's determination of historical facts and credibility, we review a constitutional legal ruling, whether a statement is testimonial or non-testimonial, *de novo*. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). By contrast, when reviewing a trial court's ruling on the admission of evidence under an exception to hearsay, an appellate court applies an abuse of discretion standard of review. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). A trial court abuses its discretion if its decision falls outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996).

## B. Confrontation Clause

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see Crawford v. Washington*, 541 U.S. 36, 42 (2004). The Sixth Amendment's right of confrontation is a fundamental right and is applicable to the states by virtue of the Fourteenth Amendment. *Pointer v. State*, 380 U.S. 400, 403 (1965); *Shelby v. State*, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991). The Confrontation Clause prevents the admission of out-of-court testimonial statements by a witness who does not testify unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 68. Therefore, to implicate the Confrontation Clause, an out-of-court statement must be (1) made by an absent witness and (2) testimonial in nature. *Id.*; *Hernandez v. State*, 219 S.W.3d 6, 12 (Tex. App.—San Antonio 2006), *aff'd*, 273 S.W.3d 685 (Tex. Crim. App. 2008).

Generally, statements made by a co-conspirator in furtherance of the conspiracy are non-testimonial in nature. *See Crawford*, 541 U.S. at 56 ("Most of the hearsay exceptions covered

statements that by their nature were not testimonial—for example, business records or statements made in furtherance of a conspiracy."); *see also Mitchell v. State*, 191 S.W.3d 219, 222 (Tex. App.—San Antonio 2005, pet. ref'd). A statement is not hearsay if it is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." TEX. R. EVID. 801(e)(2)(E). To qualify as an exception to hearsay under Rule 801(e)(2)(E), the State must show (1) a conspiracy existed, (2) the co-conspirator was a member of or later participated in this conspiracy, and (3) the statement made was the object and purpose of the conspiracy. *Guidry v. State*, 9 S.W.3d 133, 148 (Tex. Crim. App. 1999). "It is not required that a conspiracy be charged, only that one be shown to have existed." *Guevara v. State*, 297 S.W.3d 350, 361 (Tex. App.—San Antonio 2009, pet. ref'd). The out-of-court statement by a co-conspirator must be more than merely related to the conspiracy, it must actually further the conspiracy. *Guidry*, 9 S.W.3d at 148. A statement furthers a conspiracy if it advances the cause of the conspiracy or serves to facilitate it. *Id*.

Appellant argues there is no evidence Kiki was a co-conspirator. Consequently, appellant asserts Kiki's out-of-court statements do not qualify as non-hearsay under Rule 801(e)(2)(E). A conspiracy exists if, with intent that a felony be committed, an individual agrees with one or more persons that at least one of them engage in conduct constituting the offense and at least one of them performs an overt act in furtherance of the agreement. TEX. PENAL CODE § 15.02(a). In order to prove the underlying conspiracy, the State was required to establish there was (1) an object to be accomplished; (2) a plan or scheme embodying the means to accomplish the object; and (3) an agreement or understanding between two or more persons that they will act together to accomplish the object by the means embodied in the agreement or by any effectual means. *See Barrera v. State*, 321 S.W.3d 137, 147 (Tex. App.—San Antonio 2010, pet. ref'd).

C.B. testified appellant, Kiki, Thomas, and another individual planned to rob Anderson during a discussion on Kiki's porch. C.B. testified Kiki actively participated in the planning of the robbery and Kiki provided the vehicle used to get to and flee from the crime scene. In addition to assisting the planning of the robbery, Kiki also threatened to kill C.B. if anything were to happen to appellant or Thomas in an effort to prevent C.B. from alerting Anderson or the police. The evidence supports a finding of an underlying conspiracy to rob Anderson, a plan that embodied the means to accomplish the robbery, and an understanding that appellant and Kiki were acting together to accomplish the robbery. The evidence also supports a finding Kiki was a member of the conspiracy to rob Anderson and her threatening statements were made to facilitate the conspiracy by preventing premature disclosure of the robbery by C.B. Consequently, we conclude Kiki's statements to C.B. were non-testimonial, and *Crawford* does not bar their admission.

## C. Unfair Prejudice

Appellant also asserts Kiki's out-of-court statements were unfairly prejudicial because the statements bolstered C.B.'s testimony. The State responds by arguing the relevance and probative value of the statements outweigh any possible prejudice because the statements help explain the pressure placed on C.B. to call Anderson and lure him to the motel.

Texas Rule of Evidence 403 provides that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Solomon v. State*, 49 S.W.3d 356, 366 n.26 (Tex. Crim. App. 2001). The balance between the probative value and the countervailing factors is always slanted toward the admission of relevant evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We review a trial judge's Rule 403 decision for an abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). We will reverse the trial judge's decision only if it is outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 150 (Tex. Crim. App. 2001). An

appellate court should reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990).

Review of a trial court's Rule 403 determination requires that we balance four nonexclusive factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponents need for the evidence." *State v. Mechler*, 153 S.W.3d 435, 439 (Tex Crim. App. 2005) (citing *Montgomery*, 810 S.W.2d at 378–79). The first factor requires we look at "how compellingly the evidence serves to make a fact or consequence more or less probable." *Id*. The inherent probative force of Kiki's statement was its tendency to show the effect of the statements on C.B.'s state of mind. Admission of Kiki's statements serves to establish the fact that C.B. did not act voluntarily when she called Anderson to lure him to the motel. Thus, this factor weighs in favor of admission.

The second factor asks whether the evidence has the potential to impress the jury in an irrational way. The focus is on whether the evidence is unfairly prejudicial, or whether it has a tendency to suggest a decision on an improper basis, such as an emotional one. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). We do not believe the introduction of Kiki's statements created an emotional response unrelated to its probative value. Nor do we believe the statements impressed the jury in an irrational way. Therefore, this factor weighs in favor of admission.

The third factor "looks to the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense." *Mechler*, 153 S.W.3d at 441. Here, the time needed to introduce Kiki's statement was relatively short. This factor too weighs in favor of admissibility.

The fourth and final factor in the Rule 403 analysis looks at the proponent's need for the evidence and "encompasses the issue of whether the proponent has other evidence establishing

this fact." *Id*. The record reflects the State offered Kiki's statements that she would kill C.B. if something happened to her brother to establish C.B.'s state of mind, i.e. that she did not voluntarily participate in the robbery and murder. The State did not have other probative evidence of C.B.'s state of mind. Thus, this factor weighs in favor of admissibility.

Because Rule 403's factors weigh in favor of admissibility, the trial court's decision to admit the evidence was within the zone of reasonable disagreement. We conclude the trial court did not abuse its discretion in finding the probative value of the evidence was not outweighed by the danger of unfair prejudice.

### PUNISHMENT

In his third issue, appellant argues the trial court abused its discretion by imposing excessive or grossly disproportionate sentences in violation of the Eighth Amendment to the United States Constitution. The State responds that given the serious nature of the crimes, appellant's sentences are not excessive or grossly disproportionate.

Appellant's twenty year sentences for the second degree felonies of sexual assault of a child fell within the two to twenty years allowed by section 12.33(a) of the Texas Penal Code. Appellant's twenty-five year sentences for the first degree felonies of aggravated sexual assault of a child and compelling prostitution, twenty year sentences for the first degree felony of trafficking of persons, and life sentence for the first degree felony of murder, fell within the five to ninety-nine years or life allowed by section 12.32(a) of the Texas Penal Code. When analyzing the issue of proportionality, the Texas Court of Criminal Appeals has held that a sentence within the statutorily prescribed range of punishment is not excessive. *See, e.g.*, *Moton v. State*, 540 S.W.2d 715, 716 (Tex. Crim. App. 1976) (overruling issue where sentence within range of punishment); *Green v. State*, 510 S.W.2d 919, 922 (Tex. Crim. App. 1974) (finding no error where sentence within range of punishment); *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973) (affirming

sentence within range of punishment). Because appellant's sentence falls within the statutorily prescribed range of punishment, his sentence is not excessive.

While the general rule that punishment within the statutorily prescribed range is not excessive, a narrow exception is recognized when the sentence is grossly disproportionate to the offense. *Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991) (Kennedy, J., concurring); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). The United States Supreme Court has identified the following three criteria to be used to evaluate the proportionality of a sentence: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983); *Thomas v. State*, 916 S.W.2d 578, 582 (Tex. App.—San Antonio 1996, no pet.). We first assess the gravity of the offense and the harshness of the penalty, the second and third criteria are considered only after it is determined the sentence is grossly disproportionate after comparing the offense against the severity of the sentence. *Houston v. State*, No. 04-12-00242-CR, 2013 WL 441790 at *1 (Tex. App.—San Antonio 2013, no pet.); *Smith v. State*, 256 S.W.3d 341, 344 (Tex. App.—San Antonio 2007, no pet.). In judging the gravity of the offense, we consider the "harm caused or threatened to the victim or society, and the culpability of the offender." *Solem*, 463 U.S. at 292.

In this case, appellant was convicted of ten felonies—eight first degree and two second degree. Appellant received the maximum sentences prescribed by statute for two second degree sexual assault of a child and first degree murder convictions. For appellant's seven remaining first degree felony convictions, where the maximum punishment assessed could have been up to ninety-nine years, appellant received only twenty-five years for aggravated sexual assault of a child and compelling prostitution, and twenty years for trafficking of persons. Comparing the gravity of the offense to the severity of the sentence, where seven of ten punishments fell at the low end of the

statutory punishment range, we conclude appellant's sentence is not grossly disproportionate to the offense. Consequently, we need not address the remaining two criteria.

## CONCLUSION

We conclude the evidence is sufficient to find appellant guilty of trafficking, compelling prostitution, aggravated sexual assault of a child, and murder. We also conclude the trial court did not err in allowing the out-of-court statements, and the sentence is not grossly disproportionate.

However, we note the judgment with respect to Trial Court Cause No. 2011CR10948—trafficking of persons and compelling prostitution counts—erroneously recites appellant was convicted of second degree felonies. Because the judgment for Counts I, II, III, IV, V, and VI mistakenly recites appellant was convicted of second degree felonies, we correct the clerical error and modify the judgment to state appellant was convicted of first degree felonies under sections 20A.02(a)(7), (a)(8) and 43.05(a)(2) of the Texas Penal Code. We affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b).

Sandee Bryan Marion, Justice

Do not publish