**Affirmed and Memorandum Opinion filed May 25, 2023.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00751-CR

### GUOJIAN WEI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCR-089085**

## MEMORANDUM OPINION

Appellant Guojian Wei appeals his conviction for sexual assault. *See* Tex. Penal Code Ann. § 22.011. In four issues, appellant argues (1) the evidence is legally insufficient to prove that appellant was guilty of sexual assault, (2) the jury's conclusion that appellant was the cause of the sexual assault violates the equal-inference rule, (3) the jury was not free to ignore DNA evidence conclusively establishing that appellant did not "cause" his finger to "penetrate" the complainant's vagina, and (4) the evidence was factually insufficient to prove the

offense of sexual assault. We affirm.

## I. BACKGROUND

On September 23, 2019, appellant was indicted for the offense of sexual assault by intentionally or knowingly causing the penetration of the complainant's sexual organ with appellant's finger without the complainant's consent. *See id.* He pleaded not guilty and proceeded to trial.

At trial, the evidence showed that appellant worked as a masseuse at 88 Foot Massage. The complainant testified that prior to the massage session with appellant on July 8, 2019, at the request of appellant, she changed out of her leggings and put on shorts provided by 88 Foot Massage. During the massage session, appellant slid his hand inside the complainant's shorts and underwear and inserted at least two fingers into the complainant's sexual organ. The complainant immediately told appellant to leave her alone and get away from her, changed clothes quickly, exited the room, and asked the receptionist to call the police. The complainant was instructed to go outside, where she called the police. When Officer Joshua Manriquez of the Rosenberg Police Department responded to 88 Foot Massage, the complainant reported that she had been sexually assaulted. The complainant identified appellant at trial as the person who had sexually assaulted her.

The jury also heard testimony from Sergeant Wade Wehring of the Rosenberg Police Department; Lori Long, a sexual assault nurse that examined the complainant on the day of the assault; Jacaranda Solis, a forensic scientist with the Texas Department of Public Safety Crime Laboratory; Jennifer Young, a DNA analyst with the Texas Department of Public Safety Crime Laboratory in Houston; Lieutenant Joseph Rogers of the Rosenberg Police Department; and appellant, who denied assaulting the complainant.

2

The jury found appellant guilty of the offense as charged and assessed appellant's punishment at seven years' imprisonment in the Texas Department of Criminal Justice. This appeal followed.

## II. LEGAL SUFFICIENCY

In his first issue, appellant argues the evidence is legally insufficient to support his conviction. In his third issue, appellant argues the jury was not free to ignore DNA evidence conclusively establishing that appellant did not "cause" his finger to "penetrate" the complainant's vagina. We will address these issues together.

### A. STANDARD OF REVIEW

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theory of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

In a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In our analysis, we defer to the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). When the record contains

3

conflicting inferences, we presume that the trier of fact resolved any such conflicts in favor of the prosecution, and we must defer to that resolution. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. at 326).

## B.    APPLICABLE LAW

A hypothetically correct jury charge would instruct the jury to find appellant guilty if he (1) intentionally or knowingly (2) caused the penetration of complainant's sexual organ (3) with his finger and (4) without the complainant's consent. (CR 7). *See* Tex. Penal Code Ann. § 22.011(a)(1)(A). Additionally,

> [a]ny conviction under . . . Section 22.011 . . . is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.

*See* Tex. Code Crim. Proc. Ann. art. 38.07(a).

## C.    ANALYSIS

Appellant argues that the evidence is legally insufficient to support his conviction because there was insufficient evidence that he caused his finger to penetrate the complainant's sexual organ and because the jury was not free to ignore evidence that his DNA was not found inside the complainant's vagina.

Here, the complainant testified that appellant inserted at least two fingers into her sexual organ without her consent during a massage on July 8, 2019. Additionally, the complainant informed the police of the offense that same day, as testified to by the complainant, Officer Manriquez, and Sergeant Wehring. This testimony constitutes legally sufficient evidence supporting appellant's conviction. *See id.*; Tex. Penal Code Ann. § 22.011(a)(1)(A); *Chambers*, 580 S.W.3d at 156; *Hooper*, 214 S.W.3d at 13; *see, e.g.*, *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that victim's testimony of penetration by appellant, standing alone,

4

was sufficient).

We overrule appellant's first and third issues.

### III. EQUAL-INFERENCE RULE

In his second issue, appellant argues that the jury's "conclusion" that appellant was the cause of the sexual assault violates the equal-inference rule because the evidence presented at trial showed that it was just as likely that he did not cause his finger to penetrate the complainant's sexual organ.

In Texas civil law, the equal-inference rule prevents a jury from inferring an ultimate fact from minimal circumstantial evidence which could give rise to any number of inferences, none of which is more probable than another. *Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013); *see Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015). Appellant has not cited any criminal case applying the equal-inference rule, nor have we found one.

Additionally, the Texas Court of Criminal Appeals has held that the legal-sufficiency standard of review is "the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 894. We are bound to follow the precedent of the Texas Court of Criminal Appeals where, as here, that court has deliberately and unequivocally interpreted the law in a criminal matter. *Mayer v. State*, 494 S.W.3d 844, 848 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Furthermore, the Texas Court of Criminal Appeals has held that if evidence gives rise to at least two reasonably equal, plausible inferences when viewed in a vacuum, then it is the jury that makes the choice of which inference to accept. *Evans v. State*, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006).

Finally, the equal-inference rule applies when there is only minimal circumstantial evidence, and here there is direct evidence of appellant's guilt. "[T]he distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proved, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved." *Crawford v. State*, 502 S.W.2d 768, 769 (Tex. Crim. App. 1973); *see also Frazier v. State*, 576 S.W.2d 617, 619–20 (Tex. Crim. App. 1978) ("The test is not whether the evidence is more or less probative, or even conclusive, but whether it applies directly or inferentially to the main fact to be proved."). It is well established that eyewitness testimony constitutes direct evidence rather than circumstantial evidence. *See Helms v. State*, 493 S.W.2d 227, 229 (Tex. Crim. App. 1973).

The complainant's testimony that appellant inserted his fingers in her sexual organ without her consent is direct evidence of his guilt. *See id.* Accordingly, we reject appellant's argument based on the equal-inference rule and again conclude that the evidence was legally sufficient. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (noting that appellate courts defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, weight the evidence, and draw reasonable inferences from basic facts to ultimate facts); *see also, e.g., Duke v. State*, 365 S.W.3d 722, 730 (Tex. App.—Texarkana 2012, pet. ref'd) (rejecting argument based on equal-inference rule because there was direct evidence of guilt); *Salazar v. State*, No. 11-15-00007-CR, 2017 WL 469379, at *4 (Tex. App.—Eastland Feb. 2, 2017, no pet.) (mem. op., not designated for publication) (same).

We overrule appellant's second issue.

## IV.   FACTUAL SUFFICIENCY

In his fourth issue, appellant asks this court to conduct a factual sufficiency

review of the evidence adduced at trial. However, the Texas Court of Criminal Appeals has expressly rejected this standard of review. *Brooks*, 323 S.W.3d at 894. As noted, the Court has adopted the legal sufficiency standard as the only standard applicable in reviewing the sufficiency of the evidence supporting a criminal conviction. *Id.* at 912 (citing *Jackson v. Virginia*, 443 U.S. 307, 318-20 (1979)). We therefore reject appellant's invitation to conduct a factual-sufficiency review and overrule his fourth issue.

## V.    CONCLUSION

We affirm the trial court's judgment.


/s/    Margaret "Meg" Poissant

Justice


Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).